UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID HUNTER (CDCR # H-41621),

    Petitioner,

v.

TOMMY FELKER, warden,

    Respondent.

    /

No. C 07-3292 MHP (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

David Hunter, currently incarcerated at High Desert State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His motion for appointment of counsel and motion to accept the petition as timely also are before the court for its consideration.

## BACKGROUND

According to the habeas petition, Hunter was convicted in Alameda County Superior Court of assault with a firearm and being a felon in possession of a firearm. Sentence enhancement allegations of prior convictions were found true. He was sentenced on August 24, 2004 to a total of fourteen years in prison.

Hunter appealed. The California Court of Appeal affirmed the conviction for the assault with a firearm and reversed the conviction for being a felon in possession of a firearm. The California Supreme Court denied Hunter's petition for review in May 2006.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges that Hunter was denied his due process and Sixth Amendment rights to be clearly informed of the nature and cause of the charge against him so that he could prepare a defense. See, e.g., Petition for review, p. 3 (court of appeal's decision that several target offenses could support vicarious liability even though they had not been identified at trial or defined for jury resulted "a denial of his Constitutional right to due process of law, as he was never given notice either before or during his trial that he could be found guilty of assault with a deadly weapon on any basis other than his own personal actions or because he was allegedly participating in a robbery"); id. at 18 (right to due process violated by the instruction directing jury to find Hunter guilty of armed assault if jury "believed that he was involved in some other unidentified offense without giving him notice of what other alleged crimes he needed to defend against.") Liberally construed, the claim is cognizable in a federal habeas action.

The petition for review attached to and incorporated by reference into the federal habeas petition also urged that the state appellate court had misapplied state law in affirming the conviction. The state law claims are dismissed because they provide no potential for federal habeas relief. A federal court has jurisdiction to issue the writ to remedy violations of the laws, treaties, or Constitution of the United States, see 28 U.S.C. § 2254(a), but not to remedy violations of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

2

1    Hunter filed a motion for appointment of counsel to represent him in this action. A
2 district court may appoint counsel to represent a habeas petitioner whenever "the court
3 determines that the interests of justice so require and such person is financially unable to
4 obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is
5 within the discretion of the district court. <u>See</u> <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th
6 Cir. 1986). Appointment is mandatory only when the circumstances of a particular case
7 indicate that appointed counsel is necessary to prevent due process violations. <u>See</u> <u>id.</u> The
8 interests of justice do not require appointment of counsel in this action.

9    Finally, Hunter filed a "motion that this petition attach [sic] herein be accepted as filed
10 'timely.'" This argument is premature. The court only needs to decide the timeliness
11 question if respondent moves to dismiss the petition as untimely filed. It is unlikely that
12 respondent will make such an argument here because Hunter's federal petition appears to
13 have been filed less than a year after the limitations period commenced upon the conclusion
14 of direct review. <u>See</u> <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review
15 period includes the 90-day period during which the petitioner could have filed a petition for
16 writ of certiorari, regardless of whether he did so). The motion therefore will be denied
17 without prejudice to Hunter making the argument anew if respondent moves to dismiss the
18 petition as untimely filed.

## CONCLUSION

For the foregoing reasons,

1.    The petition states a cognizable claim for habeas relief and warrants a response.

2.    The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3.    Respondent must file and serve upon petitioner, on or before **March 14, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously

3

1 | transcribed and that are relevant to a determination of the issues presented by the petition.

2 |     4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse
3 | with the court and serving it on respondent on or before **April 18, 2008**.

4 |     5.    Petitioner is responsible for prosecuting this case. He must keep the court
5 | informed of any change of address and must comply with the court's orders in a timely
6 | fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
7 | pursuant to Federal Rule of Civil Procedure 41(b).

8 |     6.    Petitioner's motion for appointment of counsel is DENIED. (Docket # 2.)

9 |     7.    Petitioner's motion for the court to accept his petition as timely filed is
10 | DENIED without prejudice to him making such an argument if respondent moves to dismiss
11 | the petition as untimely filed. (Docket # 3.)

12 |     IT IS SO ORDERED.

13 | DATED: January 8, 2008

14 |                             Marilyn Hall Patel
                            United States District Judge