DAVID HUNTER, (CDCR #H-41621),
HIGH DESERT STATE PRISON,
FACILITY C2-213-L,
P.O. Box #3030,
Susanville, California,
　　　　　　96127-3030.
IN PROPRIA PERSONA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT COURT OF CALIFORNIA

DAVID HUNTER,
　　　　Petitioner,

Vs.

TOMMY FELKER, WARDER,
　　　　Respondent.

Case number; C 07-3292 MHP (PR).

NOTICE OF MOTION: AND MOTION FOR DEFAULT JUDGMENT FOR FAILURE TO DEFEND, FRCP Rule 60.

## INTRODUCTION

David Hunter, currently incarcerated at High Desert State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. This Court issued an "ORDER TO SHOW CAUSE" on the Respondent, on January 8, 2008; [SEE EXHIBIT "A"]. Todate, the Respondent has failed to respond to this Courts ORDER.

## BACKGROUND

According to the habeas petition, Hunter was convicted in Alameda County Superior Court of assault with a firearm and being a felon in possession of a firearm. Sentence enhancement allegations of prior convictions were found true. He was sentenced

(1).

1  on August 24, 2004 to a total of fourteen years in prison.

2  Hunter appealed. The California Court of Appeal affirmed
3  the conviction for the assault with a firearm and reversed the
4  conviction for being a felon in possession of a firearm. The
5  California Supreme Court denied Hunter's petition for review in
6  May of 2006.

7  Hunter filed the instant habeas petition within this
8  Court and Respondent was order to be served with notice by the
9  court clerk, and ordered to respond by March 14, 2008. Respondent
10 has failed to respond thereby conceding petitioner contentions.
11 [SEE EXHIBIT "A"], AND THIS COURTS DOCKET CONCERNING THE INSTANT
12 CASE.

13 **THE HABEAS PETITION**

14 contends, and is conceded by respondents failure to
15 respond, that Hunter was denied his due process and Sixth Amendment
16 rights to be clearly informed of the nature and cause of the charge
17 against him so that he could prepare a defense. <u>See, e.g.,</u> Petition
18 for review, p.3 (court of appeal's decision that several target
19 offenses could support vicarious liability even though they had
20 not been identified at trial or defined for jury resulted "a denial
21 of his Constitutional right to due process of law, as he was never
22 given notice either before or during his trial that he could be
23 found guilty of assault with a deadly weapon on any basis other
24 than his own personal actions or because he was allegedly
25 participating in a robbery"); <u>id.</u> at 18 (right to due process
26 violated by the instruction directing jury to find Hunter guilty
27 of assault if jury "believed that he was involved in some other
28 unidentified offense without giving him notice of what other

(2).

1  alleged crimes he needed to defend against.") Liberally construed,
2  the claim is cognizable in a federal habeas action.

### IN CONCLUSION

4      This Court has concluded that the Petition for writ
5  of habeas corpus stated a cognizable claim for habeas relief; [SEE
6  EXHIBIT "A"; page 3, lines 21-22].

7      Respondent has completely failed to respond after service
8  of the Petition, thus, leaving the petition uncontested, conceding
9  petitioners contentions.

10     Hence, Petitioners Petition for writ of habeas corpus
11 should be granted by this Court and Petitioner conviction should
12 be overturned/reversed for violating the United States Constitution.

13     Petitioner further declares, under the laws of the United
14 States of America, under the penalty of perjury, that the aforesaid
15 is true and correct to the best of my knowledge and belief.

16     Executed on this 3rd day of April, 2008, at High
17 Desert State Prison in Susanville California.

RESPECTFULLY SUBMITTED

*David Hunter*
DAVID HUNTER, (#H-41621),
Declarant/Petitioner,
IN PROPRIA PERSONA.

21 /.
22 /.
23 /.
24 /.
25 /.
26 /.
27 /.
28 /.

(3).

# EXHIBIT A 

 80000 SERIES
30% P.C.W.

David Hunter H-41621
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127-3030


CV07-03292 MHP

FILED
JAN - 9 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HUNTER (CDCR # H-41621), Petitioner, v. TOMMY FELKER, warden, Respondent. | No. C 07-3292 MHP (pr) **ORDER TO SHOW CAUSE** |

## INTRODUCTION

David Hunter, currently incarcerated at High Desert State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His motion for appointment of counsel and motion to accept the petition as timely also are before the court for its consideration.

## BACKGROUND

According to the habeas petition, Hunter was convicted in Alameda County Superior Court of assault with a firearm and being a felon in possession of a firearm. Sentence enhancement allegations of prior convictions were found true. He was sentenced on August 24, 2004 to a total of fourteen years in prison.

Hunter appealed. The California Court of Appeal affirmed the conviction for the assault with a firearm and reversed the conviction for being a felon in possession of a firearm. The California Supreme Court denied Hunter's petition for review in May 2006.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges that Hunter was denied his due process and Sixth Amendment rights to be clearly informed of the nature and cause of the charge against him so that he could prepare a defense. See, e.g., Petition for review, p. 3 (court of appeal's decision that several target offenses could support vicarious liability even though they had not been identified at trial or defined for jury resulted "a denial of his Constitutional right to due process of law, as he was never given notice either before or during his trial that he could be found guilty of assault with a deadly weapon on any basis other than his own personal actions or because he was allegedly participating in a robbery"); id. at 18 (right to due process violated by the instruction directing jury to find Hunter guilty of armed assault if jury "believed that he was involved in some other unidentified offense without giving him notice of what other alleged crimes he needed to defend against.") Liberally construed, the claim is cognizable in a federal habeas action.

The petition for review attached to and incorporated by reference into the federal habeas petition also urged that the state appellate court had misapplied state law in affirming the conviction. The state law claims are dismissed because they provide no potential for federal habeas relief. A federal court has jurisdiction to issue the writ to remedy violations of the laws, treaties, or Constitution of the United States, see 28 U.S.C. § 2254(a), but not to remedy violations of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

1       Hunter filed a motion for appointment of counsel to represent him in this action. A
2 district court may appoint counsel to represent a habeas petitioner whenever "the court
3 determines that the interests of justice so require and such person is financially unable to
4 obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is
5 within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th
6 Cir. 1986). Appointment is mandatory only when the circumstances of a particular case
7 indicate that appointed counsel is necessary to prevent due process violations. See id. The
8 interests of justice do not require appointment of counsel in this action.

9       Finally, Hunter filed a "motion that this petition attach [sic] herein be accepted as filed
10 'timely.'" This argument is premature. The court only needs to decide the timeliness question
11 if respondent moves to dismiss the petition as untimely filed. It is unlikely that respondent
12 will make such an argument here because Hunter's federal petition appears to have been filed
13 less than a year after the limitations period commenced upon the conclusion of direct review.
14 See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the
15 90-day period during which the petitioner could have filed a petition for writ of certiorari,
16 regardless of whether he did so). The motion therefore will be denied without prejudice to
17 Hunter making the argument anew if respondent moves to dismiss the petition as untimely
18 filed.

19 <center>**CONCLUSION**</center>

20 For the foregoing reasons,

21    1.   The petition states a cognizable claim for habeas relief and warrants a
22 response.

23    2.   The clerk shall serve by certified mail a copy of this order, the petition and all
24 attachments thereto upon respondent and respondent's attorney, the Attorney General of the
25 State of California.

26    3.   Respondent must file and serve upon petitioner, on or before **March 14, 2008**,
27 an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,
28 showing cause why a writ of habeas corpus should not be issued. Respondent must file with

<center>3</center>

the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **April 18, 2008**.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Petitioner's motion for appointment of counsel is DENIED. (Docket # 2.)

7. Petitioner's motion for the court to accept his petition as timely filed is DENIED without prejudice to him making such an argument if respondent moves to dismiss the petition as untimely filed. (Docket # 3.)

IT IS SO ORDERED.

DATED: January 8, 2008

Marilyn Hall Patel
United States District Judge

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID HUNTER,

        Plaintiff,

v.

TOMMY FELKER et al,

        Defendant.

Case Number: CV07-03292 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Hunter H-41621
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127-3030

Dated: January 9, 2008

                              Richard W. Wieking, Clerk
                              By: Anthony Bowser, Deputy Clerk

## "PROOF OF SERVICE BY MAIL"

I, DAVID HUNTER, hereby declare, that I am over 18 years of age, and a party to the attached herein cause of action, that I reside at High Desert State Prison in Susanville California, and that my mailing address is:

> David Hunter, #H-41621,
> High Desert State Prison,
> Facility C2-213-L,
> P.O. Box #3030,
> Susanville, California
>          96127-3030.

Furthermore, that I delivered to state prison officials on _APRIL_, _03_, 2008, at the aforementioned address, the attached: "NOTICE OF MOTION: AND MOTION FOR _DEFAULT_ JUDGMENT." within sealed envelope(s) with full United States postage being fully paid, addressed to the following addresses:

(1). OFFICE OF THE CLERK,
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVE.
SAN FRANCISCO, CA.
94102

(2). STATE OF CALIFORNIA,
ATTORNEY GENERAL
455 GOLDEN GATE AVE,
SUITE 11000
SAN FRANCISCO, CA.
94102-3664

I further declare, under the law(s) of the United States of America, under the penalty of perjury, that the aforesaid is true and correct to the best of my knowledge and belief.

Executed on this _3RD_ day of _APRIL_, 2008, at High Desert State Prison in Susanville California.

RESPECTFULLY SUBMITTED

_/s/ David Hunter_
DAVID HUNTER, Declarant,
IN PROPRIA PERSONA.