David Hunter
CDCR NO. H-41621
High Desert State Prison
P.O. Box 3030, C2-213
Susanville, CA 96127-3030

In pro se

FILED

08 JUN -9 PM 2:35

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Francisco Division)

DAVID HUNTER,               )
            Petitioner      )
                            )
                            )
___    v.                   )
                            )
                            )
TOM FELKER, WARDEN          )
            Respondent      )
_____)

CASE NO. C 07-3292 MHP (pr)

Traverse to the Return to Petition
For Writ of Habeas Corpus

        David Hunter, Petitioner, makes this Traverse to the Respondent's Return

to his petition for writ of habeas corpus.

        Respondents summary of the "Standard of Review" cites that the Anti-Terror-

ism Effective Death Penalty Act (AEDPA) controls disposition of this case. Please

see Petitioner's attached Denial and Exception, Pages 1 and 2. Additionally, Pet-

itioner contends that the state court's denial of his habeas claims are contrary

to, and result from an unreasonable application of clearly established law promul-

gated by the United States Supreme Court, and are the product of an unreasonable

determination of the facts. The state courts also erroneously resolved facts im-

portant to the claim in the absence of any inquiry directed to reliably discover-

ing those facts. Hence, Petitioner is entitled to an evidentiary hearing should

his briefings not suffice for the granting of relief. On federal habeas corpus,

a petitioner is entitled to an evidentiary hearing when he establishes a clorful

claim for relief, and where he was not afforded an evidentiary hearing in state

(1)

court. See Earp v. Ornoski, 431 F 3d 1158, 1167 (9th Cir. 2005)

1.) Paragraph 1 of the Respondent's return is not true. Petitioner is not lawfully in the custody of the respondent.

2.)Paragraph 2 of the Respondent's return is true.

3.)Paragraph 3 of the Respondent's return is not true.

4.)Paragraph 4 of the Respondent's return is not true.

5.) As if fully set forth herein, Petitioner incorporates his petition for writ of habeas corpus, state appeal and petition for review.

6.) Petitioner also incorporates his memorandum of points and authorities and exhibits.

Wherefore, Petitioner respectfully requests :

1.)The Court grant the petition for writ of habeas corpus;

2.)The Court order that an evidentiary hearing be conducted;

3.)All other relief the Court deems proper and warranted.


Respectfully Submitted,

David Hunter
In pro se


DATED: JUNE 5, 2008

(2)

David Hunter
CDCR No. H-41621
High Desert State Prison
P.O. Box 3030, C2-213
Susanville, CA 96127-3030

In pro se


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Francisco Division)


DAVID HUNTER,                )
          Petitioner         )          Petition For Writ of Habeas Corpus
                             )
                             )          NO. C 07-3292 MHP (pr)
     v.                      )
                             )
                             )          Petitioner's Denial and Exception
TOM FELKER, WARDEN,          )          With Points and Authorities
          Respondent         )
_____)


Petitioner hereby enters his denial and exception to the Return to the Order
to Show Cause (Answer) in the above-entitled action, and states:

<u>EXCEPTION</u>

Respondent has failed to set forth sufficient facts or law to show why the
relief prayed for in this petition should not be granted. Petitioner denies that
he is lawfully in custody of the California Department of Corrections and Rehab-
ilitation. Petitioner denies Respondent's argument that he has not exhausted
state remedies. (Respondent argues on Page 2 of Answer: "Relief may be denied
on the merits, however.")

<u>STANDARD OF REVIEW</u>

The Standard of Review is governed by the mandates of the Anti-Terrorism
Effective Death Penalty Act (AEDPA). However, Petitioner argues that:
1.) This standard of review cannot trump the United States Constitution which
    is the supreme law of the land;

(1)

**2.)** Petitioner is neither a terrorist nor under sentence of death;

**3.)** Petitioner invokes his right to "substantive due process", a general prin-
ciple of law which may not be violated;

**4.)** Respondent's denial of petitioner's habeas claims are "contrary to" clearly
established federal law, are the result of an unreasonable determination
of the facts, amount to an unreasonable application of Supreme Court law,
and/or were resolved in the absence of any inquiry directed towards reliably
discovering relevant facts. See Williams v. Taylor 529 U.S. 362 (2000) and
§ 2254 (d).

Petitioner invokes his right to an evidentiary hearing. A petitioner on
habeas is entitled to an evidentiary hearing when he has established a colorful
claim for relief and where he has never been afforded an evidentiary hearing
in state court. See Earp v. Ornoski, 431 F 3d 1158,1167 (9th Cir. 2005) Also see:

> Although it is generally within district court's discretion to grant or
> deny discovery requests in habeas corpus proceedings, court's denial of
> discovery is an abuse of discretion if discovery is "indispensable to a
> fair, rounded development of the material facts." 28 U.S.C.A. §2254 Rule
> 6 (a), East v. Scott 55 F 3d 996 (5th Cir. 1995) quoting Townsend v. Sain
> 372 U.S. 293, 322, 83 S. Ct. 745

As petitioner has proved, via trial record on direct appeal, both defense counsel
and the prosecutor discussed the verdict with the jury after trial (Page 22 State
Appeal AOB). Both confirmed that the jury had based the conviction on an "aiding
and abetting" theory (RT 722-723). Subsequent to that post-trial discussion, de-
fense counsel moved to unseal juror information for the purpose of ascertaining
the precise basis for the verdict in order to support a defense motion for a
new trial (CT 445, RT 723). The trial court denied the motion (RT 725). Thus,
the State shut the door to a meaningful inquiry directed towards reliably discov-
ering the facts crucial to this claim. The denial of that motion at trial level
amounts to a state-erected obstacle. Please see Keeney v. Tamayo-Reyes, 504 U.S.
1 (1992) "It does not require the prisoner to surmount obstacles that the state

(2)

erects to thwart the prisoner's efforts."

Not only was petitioner denied a full and fair fact hearing on the issue in question, contrary to U.S. Supreme Court law established in Townsend v. Sain 372 U.S. 293, he is also entitled to ongoing discovery rights in order to fully develop his claims. See Toney v. Gammon, 79 F 3d 693 (8th Cir. 1996) It is only logical that the juror information sought by defense counsel at trial level was beneficial to petitioner. Why else would a reliable discovery of those facts be obstructed through the State's denial of the defense motion to reveal them? As was noted on direct appeal (Page 22 State Appeal AOB) even the trial court acknowledged that it was obvious the majority of the jury "didn't buy the two gun theory." (RT 725)

Respondent's position is that petitioner's jury did receive a legally proper instruction from the trial court on "aiding and abetting." Petitioner denies this assertion by the Respondent. Clearly established United States Supreme Court law holds that due process is violated if an erroneous jury instruction led to a conviction absent factual findings to support the verdict. Estelle v. Mc Guire, (1991) 502 U.S. 62, 72. Here in petitioner's case, the state is seeking a ruling that is "contrary to" that Supreme Court law. Alternatively, petitioner argues that the state is asking for an endorsement of its "unreasonable application" of federal law.

On Page 6 of the Respondent's Answer the State plainly appears to be side-stepping the issue of Petitioner being denied the right to be clearly informed of the nature and cause of the charges. To clarify, ARTICLE VI, Section 2 of the United States Constitution reads, in pertinent part: "This Constitution... shall be the supreme law of the land."; The SIXTH AMENDMENT reads, in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right...to be informed of the nature and cause of the accusation." Despite the simplicity of

(3)

the clause, and the certain "original intent" of the Framers, the State is attempt-
ing to benefit from its self-generated obfuscation and ambiguity: "However, there
is no clearly established federal law which guarantees a criminal defendant the
fundamental right to be clearly informed that the prosecution will seek convict-
ion on a theory of direct perpetration or aiding and abetting liability prior
to the issuance of jury instructions." (Page 6 Respondent's Answer)

Here in Petitioner's case, the "aiding and abetting" theory went to the
charge of robbery on which the jury declined to convict Mr. Hunter. In light
of that fact, Petitioner was NOT, legally, an "aider and abettor" to any criminal
offense. This argument is bolstered by the Respondent's own improper attempt to
backdoor in, now, legally irrelevant facts in the final paragraph on Page 7 of
the Answer. Reference is made to "...evidence of petitioner's guilt was overwhelm-
ing." The state attorney who wrote that irrelevant statement is mistaken in be-
lieving such argument vetoes the jury's decision NOT to convict on the robbery
charge. It does no such thing. Unarguably, the evidence was NOT "overwhelming"
in the eyes of the trier of fact. Worse, its being relied upon now by the state
is not proper and amounts to an attempt to recycle evidence ruminated upon by
the jury, and rejected by them as factually inadequate.

With regard to the State's reference, also on Page 7 of the Answer, to wit-
nesses identifying petitioner "robbing and assaulting the victim"; Again, the
trier of fact found no robbery. As to the mention of an assault on the alleged
victim, did those witnesses mentioned on Page 7 of the Answer give evidence of
petitioner "assaulting the victim" with a firearm? No, they did not. As outlined
on Page 7 of Petitioner's State AOB, an independent witness, Eli Mahoney, con-
firmed that petitioner did not have a gun. (RT 205, 206, 219). As cited on the
previous page, even the trial court opined that it was obvious; "the jury didn't
buy the two gun theory." Further corroboration supporting petitioner comes from

(4)

testimony of the alleged victim himself. Mr. Devlin testified that he himself
"jumped" petitioner, beat petitioner in the face at least ten times, threw petit-
ioner into a gazebo and jumped on top of him punching him in the face. (RT **74-76,
144,145,** RT **77-79,** State Appeal AOB Page 6.) This evidence being cited shows
that it was petitioner being assaulted, not the alleged victim. Point being,
had petitioner been properly "informed of the nature and cause of the accusation",
as the federal Constitution clearly demands, he could easily have mustered an
effective defense of self-defense relying upon the above cited, record-proven
facts. Because he was **NOT** properly informed of the nature and cause of the accus-
ation, defense counsel mounted a defense, successfully, geared towards disprov-
ing the target/predicate offense of robbery. In combination with the Constitut-
ionally defective jury instruction involved, the failure to properly inform pet-
itioner as to the nature and cause of the accusation resulted in a denial of
due process requiring reversal of the judgment. SIXTH AND FOURTEENTH AMENDMENTS
OF THE UNITED STATES CONSTITUTION.

Petitioner has established that the state decision is unreasonable, the
state failed to consider facts it should have, considered facts it should not
have and facts that were/are wrong. (See last paragraph, Page 7 of Answer and
view it in contrast with Page 6 of Petitioner's State AOB: "Mr. Devlin testified
that appellant never landed a single blow during the altercation.") Where is
the evidence of assault, attributable to petitioner? Where is the "target offense"
bearing in mind that there is no robbery? Since there has still been no reliable
inquiry into discovering the facts important to this claim, the state court de-
cision is clearly unreasonable.

The second paragraph of the State's Answer, on Page 6, contains citations
of Penal Code law and state court precedent/authorities. It ultimately concludes:
"In light of this long established California state law, petitioner must have
reasonably understood that he could be prosecuted under a theory of aiding and

(5)

abetting liability." Yes, petitioner DID understand that but the prosecution's
"theory" was that petitioner was guilty of specifically "aiding and abetting"
in a robbery. That is what petitioner "reasonably understood" he needed to pre-
pare a defense against, which he successfully did.

The prosecution's theory of "aiding and abetting liability" never was and
still is not that petitioner's intent was to be an accomplice to the crime of
assault with a firearm. The issue of the alleged robbery was made moot by the
trier of fact not returning a true finding. Petitioner re-emphasizes the bearing
the defective jury instruction has on this claim and chooses this time to point
out that, in January 2006, the State of California amended/corrected the very
jury instruction at issue here in Petitioner's case. Now the instruction CORRECTLY
disallows a conviction on the very grounds the Respondent is asking this court
to legitimize. (Please compare the amended CALJIC 3.02 jury instruction with
the version given to Petitioner's jury at trial.)

___ The third paragraph on Page 6 of the Respondent's Answer cites Morrison v.
Estelle, 981 F 2d 425, 427 (9th Cir. 1992) "It was sufficient that defense counsel
had two days to prepare a closing argument after the instructions were settled."
What is at issue here in Petitioner's case is materially distinguishable from
the set of facts in Morrison. Here, Petitioner argues that he was Constitutionally
entitled to more than mere time to prepare a closing argument. He was entitled
to know he needed, supposedly, to prepare defenses against unstated theories. It
needs to be noted that, during oral argument on direct appeal, appellate court
justices Kline and Ruvulo got the Deputy Attorney General to admit that a robbery
finding was required for the "vicarious liability" theory to apply, and the in-
struction was wrong (CALJIC 3.02) where it said the jury didn't have to agree
unanimously on the "target crime." That "vicarious liability" is at issue in
this case. The required evidentiary hearing, which Petitioner again asserts

(6)

his right to, will also allow for the oral argument from the California Court of Appeal to be utilized in support of this petition. There is no robbery, there is no "vicarious liability."

Petitioner had no reasonable cause to believe that while he had been the one "jumped" by the alleged victim, he had been the one beaten "in the face at least ten times", he was the one the alleged victim "jumped on top of him punching him in the face", he was the one who, by the alleged victim's own words: "...never landed a single blow during the altercation", would be required to prepare a defense against being the assaulter as opposed to being the one assaulted. Please review the record-proven supporting facts cited on Page 6 of Petitioner's AOB on state appeal.) The Respondent's argument about what Petitioner should have "reasonably understood" is, at the very least, objectively unreasonable, if not patently ludicrous.

Petitioner will take this time to point out an obvious point the Respondent has failed to discuss which has crucial legal relevance to Petitioner's claims: NOBODY was ever convicted of the alleged robbery in this case. As cited on Page 2 of Petitioner's State AOB, the prosecution itself made a motion to dismiss the robbery charge against Petitioner's alleged co-defendant, Mr. Hernandez. That motion was granted by the trial court. So, with regard to all the cases cited by the State to support its position that Petitioner is not entitled to relief, WHERE is the one showing that NOBODY in the case was convicted of the "target" or "predicate offense?" Cadit quaestio. There is no target offense, there is no vicarious liability, there is no valid judment in this case.

Page 7 of the Respondent's Answer includes: "Here, petitioner cannot claim that he was ambushed by a theory of aiding and abetting liability." On June 7,2004, the day before trial started, the prosecution requested CALJIC NO. 3.02, the jury instruction on aiding and abetting liability. CT 342." As already pointed out, this specific jury instruction was found to be Constitutionally defective

(7)

and amended/corrected by the respondent State of California in January of 2006.
Further, the issue of its being confusing and ambiguous was brought out at trial
where even the jury specifically questioned it, as is discussed at length in
Petitioner's State AOB, Pages 14-20. Twelve citizen jurors were, understandably,
confused by the wording of the instruction. Why wouldn't it stand to reason that
petitioner was confused also? If that isn't convincing enough, please review
Pages 11 and 12 of Appellant's/Petitioner's Reply Brief on direct appeal where
appellate counsel correctly pointed out: "What is even more telling is that the
instruction has confused respondent as well." Page 12 of the brief demonstrates
Respondent's confusion in detail and includes the correct argument that:"Appellant
could not be found guilty of assault of Mr. Devlin under this doctrine on the
theory that the assault of Mr. Devlin was the natural and probable result of--
the assault on Mr. Devlin. The basis for a finding of guilt of assault absent
proof of the commission of the target crime of robbery would have to be based
on more traditional accomplice liability theories."

So, Petitioner does claim that he was ambushed by the theory of aiding and
abetting, as it pertains to the offense of assault with a firearm. It might also
be helpful to consider that, usually, jury instructions are requested after the
evidence to support them has been presented. The prosecution's request for the
CALJIC 3.02 instruction "the day before trial started" (Page 7 Answer) can be
viewed as a desperation move epitomizing the "shotgun approach" with a prayer
that some allegation will stick regardless of whether a specific theory, accepted
by the jury, was articulated by the prosecution. The unfairness and unconstitut-
ionality of that approach is compellingly proven through the State's subsequently
amending/correcting the jury instruction at issue. It is tantamount to an admis-
sion that,yes, the instruction could not pass Constitutional muster when it was
given in this case, unfairly lightened the prosecution's burden of proof, and
thus denied petitioner due process of law and his right to a fair trial. **WHY**

(8)

would the State fix a jury instruction that wasn't broken? It is entirely possible
that the stimulus for the State to amend/correct the instruction is Petitioner's
case itself.

Of critical legal importance to petitioner's claims is the date his Petition
For Review was denied by the California Supreme Court finalizing the judgment
in this case in May of 2006. The State's amending/correcting the jury instruction
in question, CALJIC 3.02, predates the denial of the state petition for review
in this case. It was corrected in January of 2006. Clearly established Supreme
Court law, in Estelle v. Mc Guire (1991) 502 U.S. 62,72, supports Petitioner's
claim and he is entitled to relief.

Petitioner has demonstrated a compelling showing that his guaranteed federal
Constitutional rights under the SIXTH and FOURTEENTH AMENDMENTS OF THE UNITED
STATES CONSTITUTION HAVE BEEN VIOLATED. In disregard for post-AEDPA authorities,
the State has failed to consider and discuss facts it should have, such as those
outlined in this briefing. The State considered facts it should not have and
resolved facts absent a reliable inquiry. Additionally, there has been an obvious
failure to consider the totality of the mitigation evidence which Petitioner
was Constitutionally entitled to have considered, even per the post-AEDPA case
of Williams v. Taylor, 529 U.S. 362 (2000) and 28 U.S.C. 2254 (d). See also Ward
v. Sternes,   F 3d__,2003 WL 21525604 at *7 (7th Cir. July 8,2003)(state court
decision is objectively unreasonable where the state court "refused to consider"
evidence relevant to petitioner's constitutional claim. The record shows, at
RT 722, the prosecutor successfully prevented the defense from obtaining the
"juror information" defense counsel sought. The trial court acquiesced to the
prosecution's wish that such information not be considered.

Petitioner also re-asserts his reliance on Sheppard v. Rees 909 F 2d 1234
(9th Cir. 1989) "We hold further that a violation of the Sixth Amendment right
to be informed of the nature and cause of the accusation is not subject to the

(9)

harmless error rule where the violation arises from the constitutionally improper use of one of multiple legal theories of culpability culminating in a general verdict of guilty." That holding DOES directly apply to what occurred in petitioner's case and is certainly inclusive of the reasoning behind the State of California's correction of CALJIC 3.02. Again, that correction was made in January of 2006--four months BEFORE the state court judgment became final against Petitioner.

Compounding the problem of the unconstitutionality of CALJIC 3.02 in this case, it was not even mentioned until "the day before trial started" as is admitted by the Respondent on Page 7 of the Answer. Please also see clearly established Supreme Court law from Strickland v. Washington, 466 U.S. 668,685 (a fair trial is "one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding.") The record-proven confusion the instruction caused the jury, and its subsequently being amended/corrected in January 2006 by the State should be the nails in the coffin on this issue, even if "the day before trial started" were to be erroneously found to be "adequate notice to enable him to prepare a proper defense" quoting Sheppard v. Rees 909 F 2d 1234 (9th Cir. 1989). In that case, the Ninth Circuit Court of Appeals also correctly held that "the right to counsel is directly implicated" in such a situation. Here, trial counsel successfully prevented a robbery conviction being sustained against petitioner. Very plainly, it was the prosecution's theory that the shooting was a probable consequence of the predicate offense of robbery. That predicate offense was not proven sufficiently to bring a verdict of guilty so, again, there is no "robbery."  In short, the assault with a firearm was argued to be a probable consequence of an alleged robbery which the trier of fact did not find to be true. The Respondent State of California has failed to consider and discuss the clear absence of a link between the "aiding and abetting" allegation and a specific charge, FOUND TO BE FACTUALLY TRUE BY THE JURY.

(10)

In essence, the State seeks a ruling which endorses its shotgun approach where paint was sprayed towards Petitioner and therefore it should (?) be assumed that some of it landed on him where the prosecution said it would. **WHERE?** Based on what specific theory of the prosecution's was petitioner guilty of aiding and abetting; bearing in mind that when the gunfire erupted, petitioner was quite busy being "jumped", "repeatedly pummeled", being beaten in the face "at least ten times", and never landing "a single blow during the altercation?" (Page 6 State AOB) **WHERE** is the evidence showing that, while all that was going on, Petitioner was aiding and abetting in any criminal offense? Cadit quaestio- that question drops and the state's argument collapses further in upon itself. And once again, with emphasis, there is no robbery. The Respondent's sour grapes recital of the insufficient facts pertaining to that alleged offense cannot salvage the wrongful judgment in this case.

As outlined on Page 2 of Petitioner's state Petition For Review (incorporated by reference) petitioner was "prosecuted for assault on Mr. Devlin on dual theories: either he was directly responsible for assault based on Mr. Devlin's testimony that appellant had tried to shoot him, or he was vicariously liable for Mr. Hernandez's actions as a 'natural and probable consequence' of an attempt to rob Mr. Devlin." As to the first of the two theories; even the trial court acknowledged it was obvious the majority of the jury "didn't buy the two gun theory." **(RT 725).** Page 7 of Petitioner's State AOB shows the sworn testimony of independent witness Eli Mahoney verifying that Petitioner did not have a gun **RT 205,206,219.** Thus the first of the two prosecution theories is defeated and the Respondent has not disputed that. What is left is the second of the two theories that Petitioner was vicariously liable due to the rejected allegation that petitioner was part of an attempt to rob the alleged victim. That theory was defeated when the jury chose not to return a guilty verdict. Those are the two theories Petitioner was on notice he needed to defend himself against. He was not put on notice of any

(11)

phantom theories based on unspecified facts or unstated statutes, codes, or precedent.

Petitioner maintains that he is entitled to relief and that the Respondent has not shown sufficient cause, through facts and law, why relief should not be granted. Petitioner's guaranteed rights under the **SIXTH** and **FOURTEENTH AMENDMENTS** of the **UNITED STATES CONSTITUTION** have been violated by the State of California and therefore he is not lawfully in custody of the Respondent.


Respectfully Submitted,


David Hunter
In pro se


DATED: JUNE 5, 2008

(12)

PROOF OF SERVICE BY MAIL

I, David Hunter, declare that I am over the age of eighteen, that I am a party to the attached cause of action and that I reside at High Desert State Prison in Susanville, CA.

I further declare that, via institutional "legal mail" procedures I delivered to state officials on ~~May~~ June 5, 2008 at High Desert State Prison, the following documents or true copies of them. I mailed the documents within sealed envelopes with full U.S. postage attached.

TRAVERSE TO THE RETURN TO PETITION          PETITIONER'S DENIAL AND EXCEPTION
FOR WRIT OF HABEAS CORPUS                    WITH POINTS AND AUTHORITIES

I mailed the above to the following addresses:

Dorian Jung                                 United States District Court
Deputy Attorney General                     For the Northern District of California
455 Golden Gate Ave., suite 11000           ~~1301 Clay St. # 400~~
San Francisco, CA 94102                      Oak~~land, CA 94612-5212~~
                                            450 GOLDEN GATE AVE. Rm 16-1111
                                            SAN FRANCISCO, CA.
                                                            94102

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on ~~May~~ June 5, 2008 at Susanville, California.


Respectfully Submitted,

David Hunter
Declarant/Petitioner
In pro se

<u>CONFIDENTIAL</u>

JUNE
~~May~~ 5 , 2008

Dear Clerk of Court,

    Please file the enclosed TRAVERSE and DENIAL and EXCEPTION with the Court
in my behalf at your earliest convenience.
    Your attention to this request will be deeply appreciated.


                  Thank You Very Much,

                  *David Hunter*

                  David Hunter
                  In pro se


NOTE: I AM IN A PRISON THATS ON LOCKDOWN
AT THIS TIME AND AM HAVING A DIFFICULT
TIME GETTING COPIES OR GETTING TO LAW
LIBRARY. I'm ALSO "INDIGIENT". CAN YOU PLEASE
SEND ME A COPY OF THIS TRAVERSE, DENIAL &
EXCEPTION ~ PLEASE.

                        RESPECTFULLY
                          REQUESTED

I HAVE NO MONEY OR ACCESS TO LAW LIBRARY!

                        *David Hunter*
                        JUNE 5, 08



RECEIVED

JUN 9 2008 MHP

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVE, Room 16-1111
SAN FRANCISCO, CA.
94102

CONFIDENTIAL

LEGAL MAIL

BOX 3030
LLE, CA.

2



DAVID HUNTER F-41021
H.D.S.P. C2-213
P.O. BOX 3030
SUSANVILLE, CA.

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIF.

UNITED STATES DISTRICT
NORTHERN DISTRICT OF
450 GOLDEN GATE AVE.
SAN FRANCISCO, CA.
941

CONFIDENTIAL
LEGAL MAIL

C2